The action stood continued to this term, when the opinion of the Court was delivered by
Parsons, C. J.
As the replication neither traverses nor confesses, and avoids any allegation contained in the plea in bar, the real question arising in this case is, whether this action is or is not barred, the defendant not having obtained any certificate of discharge. And it is our opinion that the action is not barred.
Our statute of bankruptcy is a compilation of the provisions of the several statutes concerning bankrupts in * England [ * 250 ] with some alterations, and new provisions to accommodate them to the jurisprudence of this country.
In England, until the statute of 4 and 5 Ann. c. 17., a bankrupt conforming to the bankrupt laws was not. entitled to his discharge against any of his creditors, including those who had proved their debts; and the creditors, having shaved his estate under the commission, might pursue the bankrupt by actions at law for the remainder (3).
By that statute a certificate will discharge him from all his debt's provable under the commission.
By the thirty-fourth section of our statute, a bankrupt, conform *191 ing in all things to the provisions of the statute, shall be discharged from all his debts, which might have been so proved, on receiving a certificate of his conforming to the statute. Under this section, if any, can the allegations in the defendant’s plea be considered as a bar to the action.
In the thirty-sixth section it is enacted that no bankrupt shall be entitled to his certificate of discharge, or to any of the benefits of the statute, unless with the assent of two thirds in number and value of his creditors who have proved their debts. This assent is essentially necessary to entitle the bankrupt to any of the benefits of this act, and for want of it the bar is bad.
In support of it, it has been argued that in England the chancery will not allow a creditor to prove his debt under the commission, and at the same time proceed at law. This is true, and the application to chancery for relief is because the bankrupt has no remedy at law (4). For if an action sued after the plaintiff had proved his debt would be barred at law, the bankrupt would have his best remedy at law, as the chancellor will give any creditor who has proved his debt, except the petitioning creditor, his election to proceed at law on waiving his * proceedings under the [ * 251] commission (5). The petitioning creditor is excepted; for if he can elect to proceed at law, the commission would be su perseded to the prejudice of the creditors who may choose to proceed under it (6).
At law the judges will stay proceedings, to give the bankrupt time to apply to the chancellor; and in one case they have set aside an execution obtained by surprise against the bankrupt’s bail; the plaintiff having agreed that the bankrupt might engage in business, and should have an annuity from his estate. But in no case have the judges holden that the proceeding under the commission by the plaintiff is a bar to his action at law (7).
We have no equitable jurisdiction in this case ; but if a creditor, who had proved his debt, should also sue at law, while the comm ssion was open, so that the bankrupt might obtain, a certificate, this Court might grant continuances, which would operate as a temporary bar. This would be at the discretion of the Court, according to the circumstances of the case. If, for want of time, the assent of two thirds of the creditors in number and value could not be obtained, it might be reasonable to interpose this delay. But if the creditors had refused their assent, so that a certificate was hopeless, there would be no ground for the exercise of this discretion.
*192 It is not to be presumed that the creditors would refuse, if the bankrupt had honestly conformed ; and if he had not, he ought not to complain of being deprived of the benefit of a statute, to which he had not in all things submitted. If the creditors should unreasonably refuse their assent, the statute has vested them with this control over the certificate, and a Court of law cannot depine them of it. The commission will then have the effect of a [*252 ] statute execution, which, like private executions, * might take the property of the bankrupt towards the satisfaction of his debts without discharging them.

Replication adjudged good.

 Vide Com. Dig. Tit. Bankrupt, D. 34.

 1 Bos. & Pul. 424. Hill vs. Reeves.

 1 Atk. 153. Ex parte Ward

 1 Atk. 154. Ex parte Lewis.

 2 W. Black. 1317